# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIANO MORALES, <br> Plaintiff, <br> vs. <br> KEVIN MCALEENAN, et al., <br> Defendants. | CASE NO. 19cv1575-LAB (AHG) <br><br> **ORDER DENYING TEMPORARY RESTRAINING ORDER [Dkt. 2]** |

Petitioner Luciano Morales has filed a last-minute request for a temporary restraining order ("TRO") enjoining the government from executing a removal scheduled to take place today, August 21, 2019, at 4:00 p.m. For the reasons below, that request is **DENIED**.

**Background**

Morales, a Mexican citizen, entered the United States unlawfully in 2009. Following his arrest, the United States instituted removal proceedings against him on February 11, 2015. For the last four years, he has sought to forestall or overturn his removal by arguing, among other things, that his 2015 arrest violated the Fourth Amendment and that evidence related to the arrest should be suppressed. The immigration judge rejected the suppression argument, admitted the evidence, and sustained the government's allegations. On appeal, the Board of Immigration Appeals

("BIA") concluded that Morales had waived his ability to challenge the immigration judge's suppression finding because Petitioner's then-counsel did not address the issue in his appeal. The BIA denied Morales' appeal on July 2, 2018. Arguing that his counsel's inadvertent waiver constituted ineffective assistance of counsel, Morales filed a Motion to Reopen with the BIA on August 6, 2019. Before that motion could be heard, however, the government informed counsel that it planned to deport Morales on August 21, 2019 at 4:00 p.m. He now seeks to enjoin that deportation until the BIA can hear his Motion to Reopen.

**Analysis**

Although the Court has only limited jurisdiction over deportation-related matters, it does have jurisdiction over habeas petitions—like this one—that are derivative of the underlying deportation order. *See Sied v. Nielsen,* 2018 WL 1142202, at *12 (N.D. Cal. 2018) ("In sum, if a habeas petition is not a direct challenge to an order of removal, nothing in Section 1252(a)(5) or (b)(9) prevents a district court from exercising jurisdiction to hear the petition.).

But despite having jurisdiction, the Court cannot grant the extraordinary relief Morales seeks here. To grant an *ex parte* TRO, Petitioner must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The scant information provided by Morales does not establish that he is likely to succeed on the merits of his underlying claim. In particular, other than his bare allegation that the stop that resulted in his arrest was an "egregious violation of his 5th Amendment rights," Morales offers no information about the circumstances surrounding the stop nor about any subsequent ICE investigation into its legality. The Court simply can't deduce from these unadorned allegations that Morales has any likelihood of successfully challenging his removal on a motion to reopen. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

(Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

Aside from the lack of factual substance, there is a substantial likelihood that Morales's Motion to Reopen will be denied as untimely. A party seeking to reopen an immigration appeal must generally file that motion "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The BIA issued its final administrative decision on April 10, 2019 when it denied Morales's motion for reconsideration. This means any motion to reopen was due on or about July 9, 2019. But Morales didn't file his motion until August 9, 2019 – a month after the statutory deadline and well outside the 90-day window. Morales's petition doesn't reveal when his present counsel first learned of the illegal stop allegation, so the Court has no basis for concluding that he might qualify for equitable tolling that would extend this window. Instead, as it stands, it appears substantially likely that any Motion to Reopen will be denied as untimely. This further undercuts Morales's argument that he is likely to succeed on the merits of his underlying claim.

Morales also alleges that his prior counsel was ineffective, but this is largely a red herring. Though Morales's former counsel has filed a declaration conceding that her handling of Morales's BIA appeal was ineffective, she does not say it was *unconstitutionally* defective – only that that it was "below (sic) standard performance of [her] own typical work." Dkt. 3 Ex. B. More importantly, ineffective assistance of counsel is material only if it affects the ultimate outcome of the case, s*ee Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the [underlying] judgment . . . if the error had no effect on the judgment."). And, as the Court has already pointed out, it cannot be said on this limited record that Morales was likely to succeed on the merits of his suppression argument, even with effective counsel. Whether he may have received ineffective assistance of counsel at an earlier stage of these proceedings is thus immaterial here.

In short, the Court does not find that Morales has shown he is likely to succeed on the merits of his underlying claim. In light of this finding, the Court isn't required to and does not address the remaining factors Morales must show to justify issuance of an injunction. *See Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) (Although the injunction factors may be considered on a sliding scale, "[t]o reach this sliding scale analysis . . . a moving party must, at an irreducible minimum, demonstrate some chance of success on the merits."). While the Court denies the injunction, it's worth noting that Morales can continue to litigate his Motion to Reopen from Mexico. The availability of this avenue of relief also cuts against a finding of irreparable harm. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) ("It is accordingly plain that the burden of removal alone cannot constitute the requisite irreparable injury. Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.").

One last observation: Although the above analysis is sufficient to warrant denying the TRO, the timing of this motion also militates against granting relief. Morales filed his motion approximately 4:00 p.m. on August 21, 2019 – exactly the time that he was scheduled to be removed. Conspicuously absent from Morales's briefing is any reference to when he first learned of the scheduled deportation date and time. Assuming he knew the schedule sometime before today—which seems likely given the extensive briefing his counsel has prepared—there was no reason to prejudice Respondents by waiting until the time of the scheduled deportation to seek the extraordinary remedy of a TRO. This District's local rules require that any party seeking *ex parte* relief submit a declaration demonstrating that (1) the party informed the opposing party when and where the motion would be made, (2) that the party tried but was unable to inform the opposing party of the motion, or (3) that the party should not be required to inform the opposing party. *See* Civ. L.R. 83.3(g); Fed. R. Civ. Pro. 65(b). Morales hasn't even tried to make this required showing. Although the burden on the Court is not a significant factor in denying the relief

sought here, it's also worth pointing out that Morales may have *already* been deported, which means the Court runs the very real risk of issuing an advisory opinion on a moot issue.

Morales' request for a temporary restraining order is **DENIED**. Dkt. 2. Petitioner's counsel is **ORDERED** to immediately notify the Court if Petitioner is removed. This Order does not prejudice Petitioner's right to seek a stay of removal from BIA, DHS, or any other appropriate immigration authority.

**IT IS SO ORDERED**.

Dated: August 21, 2019

**Honorable Larry Alan Burns**
Chief United States District Judge